78 F.3d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luis Carmona DE LA TORRE, Defendant-Appellant.
 No. 95-50082.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1995.*
Decided March 5, 1996.
 
 Before: FARRIS, BRUNETTI and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 1. Defendant's conviction pursuant to Cal. Health & Safety Code § 11360(a) is an aggravated felony for purposes of 8 U.S.C. § 1326(b)(2). Any felony punishable under the Controlled Substances Act, 21 U.S.C. § 801 et seq., constitutes an aggravated felony. Cal. Health & Safety Code § 11360(a) is analogous to 21 U.S.C. § 841, which makes it a felony "to manufacture, distribute, or dispense" marijuana. Compare 21 U.S.C. § 841(b)(1)(A)(vii), (B)(vii) & (D) with Cal. Health & Safety Code § 11360(a). Defendant argues that some conduct punishable under Cal. Health & Safety Code § 11360(a) would not be punishable as a felony under the Controlled Substances Act. He argues that the distribution of a small amount of marijuana for no remuneration is a misdemeanor under 21 U.S.C. § 841(b)(4). However, a violation of 21 U.S.C. § 841(b)(4) would be punishable under Cal. Health & Safety Code § 11360(b), not (a). See Cal. Health & Safety Code § 11360(b) (offenses involving less than 28.5 grams of marijuana); see also USSG § 2D1.1 application note 11 (28.5 grams of marijuana equals 57 marijuana cigarettes).[1] Defendant next points out that the mere possession of marijuana is punishable as a misdemeanor under 21 U.S.C. § 844. However, Cal. Health & Safety Code § 11360(a) only punishes defendants who distribute, offer to distribute or attempt to distribute marijuana. California specifically criminalizes the possession of marijuana in other statutory provisions. See Cal. Health & Safety Code §§ 11357 (possession) & 11359 (possession for sale).
 
 
 3
 2. Defendant is not entitled to an additional one-point reduction under USSG § 3E1.1(b)(1). While De La Torre did provide some information to the government, he failed to mention both his 1990 conviction under Cal. Health & Safety Code § 11360(a) and his 1993 deportation. He therefore did not "timely provid[e] complete information to the government concerning his own involvement in the offense." USSG § 3E1.1(b)(1) (emphasis added).
 
 
 4
 The district judge did not violate former Fed.R.Crim.P. 32(c)(3)(D). That provision stated:
 
 
 5
 If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report ..., the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing.
 
 
 6
 Fed.R.Crim.P. 32(c)(3)(D) (1983). Neither the defendant nor defense counsel alleged any factual inaccuracy in the presentence investigation report with respect to the additional one-point reduction under USSG § 3E1.1(b)(1).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Defendant cites several cases for the proposition that violations of Cal. Health & Safety Code § 11360(a) can involve small amounts of marijuana. See Appellant's Opening Br. at 11-12; Appellant's Reply Br. at 4-5. All of these cases, however, were decided before 1975, the year subsection (b) was added